UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Carol Hart,

        Plaintiff

v.

M&T Bank Corporation,

        Defendant

Case No. 2:24-cv-00921-CDS-MDC

**Order Extending Time to File Dismissal**

      Plaintiff Carol Hart, on behalf of herself and all others similarly situated, filed this action on May 16, 2024, against defendant M&T Bank Corporation. Compl., ECF No 1. This action was filed as a class action; however, no class has been certified. In August 2024, M&T Bank filed a motion to transfer (ECF No. 11) and a motion to dismiss (ECF No. 15). In November, the parties stipulated, for the sixth time, to extend their response and reply deadlines. ECF Nos. 36, 37. At a hearing on the matter, the parties represented that they had settled their dispute and the court ordered that a stipulation of dismissal or a status report be filed by February 10, 2025. ECF No. 39. Hart timely complied by filing a status report therein seeking an additional ninety days to finalize and execute the settlement agreement before dismissing Hart's individual claims with prejudice and the class action claims without prejudice. ECF No. 40 at 2.

      Under Rule 23(e) the claims, issues or defenses of a class that has been certified or is proposed to be certified for the purposes of settlement can only be settled, voluntarily dismissed, or compromised with the court's approval. Fed. R. Civ. P. 23(e). However, in 2003, Rule 23(e) was amended to allow the "parties to a proposed class action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified." *Sample v. Qwest Commc'ns Co. LLC*, 2012 WL 1880611, at *3 (D. Ariz. May 22, 2012); *see also Allred v. Chicago Title Co.*, 2020 WL 5847550, at *1 (S.D. Cal. Oct. 1, 2020) (dismissing putative class action under Rule

41(a) where no class has been certified, nor is certification being proposed for purposes of settlement).

Hart's status report provides that once the parties sign the settlement agreement and the terms of the agreement are executed, she anticipates filing documents to dismiss her individual claims with prejudice and the punitive class action claims without prejudice. ECF No. 40 at 2. Here, no class has been certified, nor is certification being proposed for purposes of settlement, thus Rule 23 does not mandate either court approval of the instant settlement or notice to putative class members. Instead, Rule 41(a) allows a plaintiff to dismiss without a court order when no answer or motion for summary judgment has been filed. Fed. R. Civ. P. 41(a)(1)(A)(i). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought[.]" *Commercial Space Mgmt. Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999).

Because Hart's dismissal does not require court approval, her request to extend the deadline to file a voluntary dismissal—or second status report—is extended to May 12, 2025.

Dated: February 14, 2025

_____
Cristina D. Silva
United States District Judge

2